```
             IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF MARYLAND
                      (NORTHERN DIVISION)
                              *
```
**TIMOTHY MOYNIHAN**
    Plaintiff                    *

v.
                                   •   Civil Action No.:

**PROVIDIAN NATIONAL BANK**
                                  *   JFM 02-2795

    Defendant

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

<u>AMENDED COMPLAINT</u>

     Now Comes Timothy Moynihan, by and through his attorneys, Darren Margolis and Bierer & Margolis, P.A., files this complaint against Providian National Bank, and for causes states:

<u>FACTS</u>

    1. The plaintiff is a Maryland resident and a customer of the defendant as a Providian Visa Card holder.

    2.  The defendant is a foreign corporation regularly doing business in the state of Maryland as an issuer of credit cards.

    3.  On May 9, 2001 the plaintiff at his home in Maryland placed an order via the internet with an online merchant called CyberRebate.com in the amount of $1,449.83.

    4.  The plaintiff was induced into making this purchase by the representations of Cyberrebate.com's website, which promised to rebate the customer the full amount of the purchase price after a period of approximately 12 weeks.  The plaintiff had conducted business with this internet merchant before and had successfully received his rebate within the time promised.  The plaintiff required the inducement of the merchant's rebate in

order to make his purchase because the prices on the merchandise were a tenfold multiple of the actual retail prices.  Had the merchant not represented that it would rebate the purchase price in full, the plaintiff would not have purchased the merchandise.

    5.  Approximately one week after the plaintiff placed his order, Cyberrebate.com filed for Chapter 11 bankruptcy protection in the United States Bankruptcy Court for the Eastern District of New York and, as a result, there would be no rebate checks forthcoming.  The plaintiff attempted to contact Cyberrebate.com and return the goods for an immediate refund, but was unable to do so as the merchant did not acknowledge e-mails or phone calls and then posted on its website that it was not accepting returns.

    6.  The plaintiff sent a notice to the defendant, disputing the charges on the grounds that Cyberrebate.com would not be issuing rebate checks and was therefore not going to complete the transaction.  The notice was sent via certified mail in accordance with the requirements of The Fair Credit Billing Act, 15 USC § 1666 (hereinafter "FCBA").

    7.  Pursuant to Section 1666 of the FCBA and 12 CFR § 226.13, the charges placed on the plaintiff's account by Cyberrebate.com are "billing errors" because the expected service, i.e., transmission of the rebate, was never received as promised.

    8.  Pursuant to Section 1666i of the FCBA, because the disputed charges were unpaid at the time of the dispute, the defendant "is subject to all claims and defenses" which the plaintiff could raise against the merchant.  Accordingly, the

causes of action set forth below are raised against the defendant:

## COUNT I: BREACH OF CONTRACT

9. The plaintiff incorporates by reference herein all allegations contained above.

10. The plaintiff contracted to receive a 100% rebate from the merchant within approximately 12 weeks of the initial part of the transaction.

11. The merchant's rebates were a material aspect of the contract, as they induced the plaintiff to purchase the merchandise at grossly inflated prices.

12. By failing to provide the promised rebates, the merchant is in breach of contract.

13. By failing to provide the rebates, the contract is void because of failure of consideration. The plaintiff did not receive the benefit of his bargain because he paid 10x retail prices for merchandise; the consideration is therefore inadequate.

## COUNT II: DETRIMENTAL RELIANCE

14. The plaintiff incorporates by reference herein all allegations set forth above.

15. In placing his order, the plaintiff relied upon the representations of Cyberrebate that the merchandise would be "free after rebate."

16. Cyberrebate induced the plaintiff and all others similarly situated into making a purchase based upon the merchant's rebate program.

<u>COUNT III: REMEDIES UNDER UNIFORM COMMERCIAL CODE</u>

17.  The plaintiff incorporates by reference herein all allegations contained above.

18.  Pursuant to New Hampshire § 382-A:2-610 **<u>Md. Code Ann., Commercial Law § 2-610</u>**, the merchant repudiated the contract with respect to performance not yet due (i.e, issuance of rebates), the loss of which substantially impaired the value of the contract to the plaintiff, thereby allowing the plaintiff to recover the purchase price pursuant to New Hampshire § 382-A:2-711 **<u>Md. Code Ann., Commercial Law § 2-711.</u>**

WHEREFORE plaintiff requests damages against the defendant in the amount of $1,499.83, plus any finance charges/late fees accrued on plaintiff's account to the date of trial, plus such other and further relief as the nature of his cause may require.

                                              _____
                                              Darren Margolis #023806
                                              Bierer & Margolis
                                              926 St. Paul Street
                                              Baltimore, MD 21202-2045
                                              (410) 539-5855
                                              Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(NORTHERN DIVISION)

**TIMOTHY MOYNIHAN**
    Plaintiff

v.

**PROVIDIAN NATIONAL BANK**
    Defendant

Civil Action No.:

JFM 02-2795

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## AMENDED COMPLAINT

    Now Comes Timothy Moynihan, by and through his attorneys, Darren Margolis and Bierer & Margolis, P.A., files this complaint against Providian National Bank, and for causes states:

## FACTS

    1. The plaintiff is a Maryland resident and a customer of the defendant as a Providian Visa Card holder.

    2. The defendant is a foreign corporation regularly doing business in the state of Maryland as an issuer of credit cards.

    3. On May 9, 2001 the plaintiff at his home in Maryland placed an order via the internet with an online merchant called CyberRebate.com in the amount of $1,449.83.

    4. The plaintiff was induced into making this purchase by the representations of Cyberrebate.com's website, which promised to rebate the customer the full amount of the purchase price after a period of approximately 12 weeks. The plaintiff had conducted business with this internet merchant before and had successfully received his rebate within the time promised. The plaintiff required the inducement of the merchant's rebate in

order to make his purchase because the prices on the merchandise were a tenfold multiple of the actual retail prices. Had the merchant not represented that it would rebate the purchase price in full, the plaintiff would not have purchased the merchandise.

5. Approximately one week after the plaintiff placed his order, Cyberrebate.com filed for Chapter 11 bankruptcy protection in the United States Bankruptcy Court for the Eastern District of New York and, as a result, there would be no rebate checks forthcoming. The plaintiff attempted to contact Cyberrebate.com and return the goods for an immediate refund, but was unable to do so as the merchant did not acknowledge e-mails or phone calls and then posted on its website that it was not accepting returns.

6. The plaintiff sent a notice to the defendant, disputing the charges on the grounds that Cyberrebate.com would not be issuing rebate checks and was therefore not going to complete the transaction. The notice was sent via certified mail in accordance with the requirements of The Fair Credit Billing Act, 15 USC § 1666 (hereinafter "FCBA").

7. Pursuant to Section 1666 of the FCBA and 12 CFR § 226.13, the charges placed on the plaintiff's account by Cyberrebate.com are "billing errors" because the expected service, i.e., transmission of the rebate, was never received as promised.

8. Pursuant to Section 1666i of the FCBA, because the disputed charges were unpaid at the time of the dispute, the defendant "is subject to all claims and defenses" which the plaintiff could raise against the merchant. Accordingly, the

causes of action set forth below are raised against the defendant:

## COUNT I: BREACH OF CONTRACT

9. The plaintiff incorporates by reference herein all allegations contained above.

10. The plaintiff contracted to receive a 100% rebate from the merchant within approximately 12 weeks of the initial part of the transaction.

11. The merchant's rebates were a material aspect of the contract, as they induced the plaintiff to purchase the merchandise at grossly inflated prices.

12. By failing to provide the promised rebates, the merchant is in breach of contract.

13. By failing to provide the rebates, the contract is void because of failure of consideration. The plaintiff did not receive the benefit of his bargain because he paid 10x retail prices for merchandise; the consideration is therefore inadequate.

## COUNT II: DETRIMENTAL RELIANCE

14. The plaintiff incorporates by reference herein all allegations set forth above.

15. In placing his order, the plaintiff relied upon the representations of Cyberrebate that the merchandise would be "free after rebate."

16. Cyberrebate induced the plaintiff and all others similarly situated into making a purchase based upon the merchant's rebate program.

COUNT III: REMEDIES UNDER UNIFORM COMMERCIAL CODE

17. The plaintiff incorporates by reference herein all allegations contained above.

18. Pursuant to New Hampshire § 382-A:2-610, the merchant repudiated the contract with respect to performance not yet due (i.e, issuance of rebates), the loss of which substantially impaired the value of the contract to the plaintiff, thereby allowing the plaintiff to recover the purchase price pursuant to New Hampshire § 382-A:2-711.

WHEREFORE plaintiff requests damages against the defendant in the amount of $1,499.83, plus any finance charges/late fees accrued on plaintiff's account to the date of trial, plus such other and further relief as the nature of his cause may require.

_____
Darren Margolis #023806
Bierer & Margolis
926 St. Paul Street
Baltimore, MD 21202-2045
(410) 539-5855
Attorney for Plaintiff