IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(NORTHERN DIVISION)

| | | |
|---|---|---|
| TIMOTHY MOYNIHAN | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No.: |
| PROVIDIAN FINANCIAL CORPORATION | * | JFM-02-CV-2795 |
| | * | |
| Defendant. | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

Defendant, Providian National Bank, N.A., by its undersigned attorneys, hereby submits this Memorandum in Opposition to Plaintiff's Motion for Summary Judgment ("Plaintiff's Motion"), and says:

**I.
INTRODUCTION**

It is important to note at the outset that Plaintiff, Timothy Moynihan ("Plaintiff"), does not contest Providian National Bank ("Providian")'s Motion for Summary Judgment as to Plaintiff's claim that it did not violate the provisions of the Fair Credit Billing Act with respect to the "billing errors" originally asserted by Plaintiff. Plaintiff's claims rest solely on the incorrect assertion that 15 U.S.C. § 1666i is applicable to this civil action. Section 1666i is not applicable here because under the undisputed facts – facts to which Plaintiff stipulated – the transactions at issue occurred more than 100 miles from his residence and outside of the State of Maryland.

Accordingly, Plaintiff's Motion for Summary Judgment should be denied, and judgment entered in Providian's favor.[1]

## II.
## ADDITIONAL FACTS IN OPPOSITION TO PLAINTIFF'S MOTION AND IN SUPPORT OF PROVIDIAN'S MOTION FOR SUMMARY JUDGEMENT

In addition to the facts set forth in Providian's Memorandum In Support of Motion for summary Judgment, incorporated herein by reference, the following additional facts are taken from the parties' Joint Stipulation of Facts ("JSOF"), Plaintiff's Amended Complaint, and the Affidavit In Support of Motion for Summary Judgment (the "Affidavit" or "Aff.") filed with Plaintiff's Motion.

1. For purposes of Plaintiff's Motion the parties have stipulated that at all times, CyberRebate was doing business from Long Island, New York and Grove City, Ohio. JSOF, ¶ 3.

2. The Transaction at issue was initiated by Plaintiff by using the internet and "logging on" to CyberRebate's computer system, also located for purposes of these Motions in Long Island, New York and Grove City, Ohio, to make and complete the Transaction. JSOF, ¶¶ 3-4, Aff. ¶ 4.

3. The Transaction order was completed when the CyberRebate website accepted Plaintiff's Transaction order and displayed a final screen indicating acceptance of the Transaction and "thank[ing]" him for the order. Aff., ¶ 5.

4. The Transaction as to the "rebate" involved a separate incident initiated by Plaintiff using the internet to "log on" to CyberRebate's computer system, again located in Long

---

[1] In support of this Opposition, Providian also incorporates by reference the matters set forth in Providian's Motion for Summary Judgment.

Island, New York and Grove City, Ohio, to submit to that system electronic rebates. JSOF, ¶¶ 6-7, Aff. ¶¶ 2, 4 and 5.

5. After CyberRebate's acceptance of these rebate forms on its computer system in Long Island, New York and Grove City, Ohio, CyberRebate was expect to issue a "rebate" from that same location. *Id.*

### III.
### ARGUMENT

A. **15 U.S.C. § 1666i Does Not Apply Here Because This Transaction Occurred Outside The State Of Maryland And More Than One Hundred Miles From Plaintiff's Cardholder Address Of Record.**

Plaintiff bears the burden of proving that all prerequisite elements of 15 U.S.C. § 1666i are satisfied before he can avail himself of the rights set forth in that statute. *Plutchok v. European Am. Bank*, 143 Misc. 2d 149, 151, 540 N.Y.S.2d 135 (4th Dist. N.Y. 1989). Under 15 U.S.C. § 1666i(a), the statute only applies if:

(1) the obligor has made a good faith attempt to obtain satisfactory resolution of a disagreement or problem relative to the transaction from the person honoring the credit card;

(2) the amount of the initial transaction exceeds $50; and

(3) *the place where the initial transaction occurred was in the same State as the mailing address previously provided by the cardholder or was within 100 miles from such address* . . . .

15 U.S.C. § 1666i(a)(emphasis added). 15 U.S.C. § 1666i does not apply if the place where "transaction" occurs is outside the state indicated as the mailing address of record for the Account, or more than one hundred (100) miles from that same address. 15 U.S.C. § 1666i(a)(3); 12 C.F.R. § 226.12(c)(3)(ii)(disputed transaction must occur "in the same state as

3

the cardholder's current designated address or, if not within the same state, within 100 miles from that address.").

Courts have recognized that although the one hundred mile rule drastically limits the protections of § 1666i in modern commerce, there is no reason to go beyond Congress' clear intention to limit the statute's effect. *Singer v. Chase Manhatten Bank*, 111 Nev. 289, 292, 890 P.2d 1305 (1995)("we decline to go beyond the plain language of the statute and create an exception to the one hundred mile limit of 15 U.S.C. § 1666i"). What Plainitff ultimately seeks is an expansion of the statute far beyond Congress' "clear intention" to limit the statute's effect when enacted.

    1.    *Under the Stipulated Facts, the Transaction Was Completed In Ohio or New York.*

Plaintiff initiated the transaction at issue from his home by using the internet to connect to CyberRebate's remote computer system. Plaintiff has stipulated for purposes of these Motions that CyberRebate – and its computer system – was located in Long Island, New York or Grove City, Ohio.

Plaintiff admits that this system's acceptance of a transaction by advising him that the transaction was "accepted" by CyberRebate occurs on that remote system when the system acknowledges the order and thanks him for it. Aff., ¶ 4. If, for example, Plaintiff reached the point of submitting a transaction on CyberRebate's system and clicked a button to "accept" the order, Plaintiff admits the transaction requires that information to be received and confirmed by CyberRebate's remote system in Ohio or New York – and that the transaction is not complete without it. Stated another way, even after – to use Plaintiff's terms – he "clicks the button" appearing on his screen, the transaction is not complete until that information is conveyed to CyberRebate's remote system over the internet, and that system accepts and confirms the

transaction. By Plaintiff's own admission, if the CyberRebate system/server is disabled before he "clicks the button", there is no system to receive, accept and complete the order, and no order occurs.

Plaintiff impliedly concedes that his address of record in Lusby, Maryland, is more than one hundred miles from either Ohio or New York, and the Court may take judicial notice of that fact. *See United States v. Johnson*, 726 F.2d 1018, 1021 (4th Cir.1984) (magistrate can take judicial notice of distances); *Unites States v. Howard*, 138 F.Supp. 376, 377 (D. Md. 1956)(court takes judicial notice of distance between Baltimore, Maryland and Philadelphia, Pennsylvania). Here, the transaction occurred where CyberRebate's system, the system which accepted and was supposed to issue the "rebates" at issue, was located, and that location far exceeds the distance and location prerequisistes imposed by 15 U.S.C. § 1666i(a)(3). Plaintiff bears the burden of establishing that he is entitled to the benefit of this statute, and he cannot.

    2.    *This Court Should Enforce The One Hundred Mile Rule For Transactions Over The Internet When, As Here, the Transaction Is Initiated By The Cardmember And Competed and Accepted By A Remote System/Server.*

The plain language of § 1666i reflects Congress' desire the limit the statute's effect to in-state or close-distance merchants within one hundred miles of a cardholder's address of record. Where, as here, the transaction is initiated by a cardmember and completed by establishing an internet connection with a remote server, then purpose and rationale of the statute is best served by excluding the transaction from the statute's reach. Congress could have included all transactions within the statute's reach, but intentionally limited the statute to in-state or close-distance purchases. This limitation would be completely eviscerated if made applicable to transactions made with remote business' through a long-distance internet connection when, as here, the cardholder initiates the transaction with the remote vendor.

3.   *New Hampshire Law Applies Here.*

The parties have agreed that New Hampshire law governs the Account and the Account agreement. JSOF, Ex. J, p. 2 ("No matter where you live this Agreement and your Account are governed by federal law and by New Hampshire law."). Under Federal law, the location of a transaction is to be decided under state law. 12 C.F.R. § 226, Supplement I, 12(c)(3)(I). The parties' selection of New Hampshire law to govern their contract is enforceable under Maryland and New Hampshire law. *American Motorists Ins. Co. v. ARTRA Group, Inc.*, 338 Md. 560, 573, 659 A.2d 1295 (1995); *Mathena v. Granite State Ins. Co.*, 525 A.2d 284, 285 (N.H. 1987)(choice of law rules only apply "in the absence of an express choice of law validly made by the parties").[2]

The place of a contract's making under New Hampshire law is the place where the "necessary final act" to complete the contract is done. *American Mut. Ins. Co. v. Duvall*, 372 A.2d 263, 265 (N.H. 1977). Here, the necessary final act was CyberReabte's acceptance of Plaintiff's communication establishing the order, and confirmation of that acceptance by CyberRebate's remote server in New York or Ohio, not Maryland.

---

[2]   Contrary to Plaintiff's assertion, New Hampshire long ago abandoned choice of law through the application of the *lex loci* test in favor of the "significant relationship" test. *Consolidated Mut. Ins. Co. v. Radio Foods Corp.*, 240 A.2d 47, 49-50 (N.H. 1968). Even so, that test applies only " in the absence of a clearly expressed intention of the parties as to what law was to govern." *Id.* at 48. Neither lex loci nor the significant relationship tests apply here because the parties expressed their intent that federal and New Hampshire law apply.

## IV. CONCLUSION

For the foregoing reasons, summary judgment should be entered in Providian National Bank's favor for all claims set forth in Plaintiff's Amended Complaint, and Plaintiff's Motion for Summary should be denied.

Respectfully submitted,

_____
J. Preston Turner
Federal Bar Number: 08449
POPE & HUGHES
29 W. Susquehanna Avenue
Suite 110
Towson, Maryland 21204
(410) 494-7777

Attorneys for Defendant

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 9th day of April, 2003, Defendant has served a copy of the foregoing pleading via electronic filing, upon:

>Darren Margolis, Esquire
>926 St. Paul Street
>Baltimore, Maryland  21202
>
>Attorney for Plaintiff

_____
J. Preston Turner