IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND
(NORTHERN DIVISION)

| | | |
|---|---|---|
| TIMOTHY MOYNIHAN | * | |
|     Plaintiff | * | |
| v. | * | |
| PROVIDIAN FINANCIAL CORP. | * | Civil Action No. JFM-02-CV-2795 |
|     Defendant | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM IN OPPOSITION TO PROVIDIAN'S REPLY TO MOYNIHAN'S MOTION FOR SUMMARY JUDGMENT

The argument set forth by Providian in its last filing incorrectly suggests that Moynihan is seeking to broaden the 100 mile radius rule of 15 USC § 1666i (a). To the contrary, application of the principle of *lex loci contractus* to the present case is necessary to determine whether the 100 mile radius should be measured from Long Island, New York or from Lusby, Maryland. As 15 USC § 1666i (a) provides no definition or guidance for determining the location of a transaction, it is necessary to apply the common law principle of *lex loci contractus* to make the determination.

Providian itself employs the *lex loci contractus* analysis, but distorts the facts in order to reach its conclusion that the transaction took place in New York. For example, Providian suggests that Moynihan has conceded that the transaction was not complete until received by Cyberrebate and confirmed. In reality, Moynihan argued that the transaction was complete upon his making the final click after completing the checkout process. Whether or not Cyberrebate then "confirmed" his order is irrelevant. The confirmation would not be an act necessary for the

formation of the contract. The confirmation was merely an acknowledgment that his order had been placed. Had Cyberrebate not sent a confirmation, Moynihan would still have entered into a binding contract once he clicked on the final button icon to complete his purchase.

Providian next argues that the process by which consumers like Moynihan submit rebates is itself a separate transaction to be analyzed under *lex loci contractus*. This argument lacks merit primarily because Moynihan was never able to submit his rebate forms once Cyberrebate ceased operations. The argument also lacks merit because the rebate process is not a separate transaction. In *Bouldis v. US Suzuki Motor Corp.*, 711 F.2d 1319 (6th Cir 1983), a car dealership alleged that Suzuki violated the antitrust law prohibition against tying arrangements by offering rebates to dealers conditioned on their purchase of a minimum number of motorcycles. The plaintiff argued that the motorcycles were the tying product and the rebates were the tied product. The court dismissed the argument, holding: "A rebate is a retroactive price discount or adjustment given by the seller to induce the sale of a particular product. It is neither a service nor a product for which a separate market exists." *Id.* at 1330. The rebate process, although incidental to the transaction, is not itself a separate transaction. Accordingly, the contract should be viewed as the contract in Suzuki: a contract for the sale of goods to which rebates were incidental. As the goods were to be delivered to a specific destination in Maryland (i.e., the home address of Moynihan), title did not pass until delivery pursuant to New Hampshire § 382-A:2-401 (2)(b) (2002).

## CONCLUSION

If the location of the transaction is determined by the place of acceptance of an offer, then Moynihan accepted in Maryland when he made the final click to accept and purchase the goods. If the location of the transaction is determined by the location where title to the goods passes,

then title passed in Maryland where the goods were delivered.  Under either theory, Moynihan prevails and judgment should be entered in his favor in the amount of $1,499.83.

/s/_____
Darren Margolis # 023806
Bierer & Margolis, P.A.
926 St. Paul Street
Baltimore, MD 21202
410-539-5855

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that this response was sent via electronic filing on April 23, 2003, to: J. Preston Turner, Pope & Hughes, 29 W. Susquehanna Avenue, Towson, MD 21204.

/s/_____
 Darren Margolis