IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

TIMOTHY MOYNIHAN                    *
                                    *
        v.                          *           CIVIL NO. JFM-02-2795
                                    *
PROVIDIAN FINANCIAL CORP.           *
                                 *****

MEMORANDUM

Timothy Moynihan has filed suit against Providian National Bank, N.A. ("Providian"), seeking

to recover from Providian a rebate owed him by CyberRebate, a company that is now in bankruptcy.

The transaction on which the rebate was due was effected through a credit card issued by Providian,

and plaintiff asserts his claim under a provision of the Truth in Lending Act ("TILA"), 15 U.S.C. §

1666i.  Now pending before me are cross-motions for summary judgment.  For the reasons that follow,

I will grant Providian's motion and deny Moynihan's motion.

I.

On May 5, 2001, Moynihan used his Providian-issued credit card to initiate a transaction via

the internet with CyberRebate in the amount of $1,449.83.  In the transaction, Moynihan purchased

ordinary household goods that were sold at inflated prices.  CyberRebate represented on its website

that it would rebate its customers the full amount of their purchase prices after a period of

approximately twelve weeks.  Customers did not have to return the products in order to receive the

rebates.  Moynihan had conducted business with CyberRebate in the past and had successfully

received his rebate within the promised time period.  Thus, Moynihan expected a rebate in the amount

of $1,449.83 within twelve weeks of his purchase.

Approximately a week after Moynihan's transaction with CyberRebate, CyberRebate filed for Chapter 11 bankruptcy protection in the United States Bankruptcy Court for the Eastern District of New York. Eventually, CyberRebate posted on its website that it was not accepting any returns. Moynihan wrote a letter to CyberRebate on May 17, 2001 requesting that he be allowed to return the merchandise to CyberRebate. (Pl.'s Ex. B.) CyberRebate, however, never responded to the letter.

On June 6, 2001, Providian received a letter from Moynihan informing it of his dispute with CyberRebate. (Def.'s Ex. D.) Providian notified Moynihan on June 20, 2001 that it was in the process of researching his inquiry. (Def.'s Ex. E.) On July 13, 2001, Providian temporarily credited Moynihan's account in the amount of $1449.83 pending final resolution of his dispute. (Def.'s Ex. F.) On January 24, 2002, however, Providian rescinded the credit, stating:

> There are no VISA regulations which allow us to charge this amount back to the merchant. A rebate is not a credit card transaction. It is applied for after the purchase and is payable by check. Regulations do not authorize obtaining a rebate via chargeback. You must pursue claims in the merchant's bankruptcy proceedings.

(Def.'s Ex. I.) Moynihan never asserted a claim in CyberRebate's bankruptcy proceedings. Instead, he filed this suit.

## II.

Moynihan asserts three claims in his amended complaint: breach of contract, detrimental reliance, and violation of the Uniform Commercial Code ("UCC"). Moynihan does not assert that Providian breached a contract, induced him to rely on its representations, or violated the UCC. Rather, Moynihan argues only that, pursuant to § 1666i, Providian is vicariously liable for any claim he has against CyberRebate.

Section 1666i provides in relevant part:

> [A] card issuer who has issued a credit card to a cardholder pursuant to an open end
> consumer credit plan shall be subject to all claims and defenses arising out of any
> transaction in which the credit card is used as a method of payment or extension of
> credit if (1) the obligor has made a good faith attempt to obtain a satisfactory resolution
> of a disagreement or problem relative to the transaction from the person honoring the
> credit card; (2) the amount of the initial transaction exceeds $50 and (3) the place
> where the initial transaction occurred was in the same State as the mailing address
> previously provided by the cardholder or was within 100 miles from such address.

In arguing for summary judgment, the parties focus on whether Moynihan made a good faith attempt to
resolve his disagreement with CyberRebate and whether the transaction occurred within 100 miles of
Moynihan's home in Lusby, Maryland.  In the end, however, these issues are immaterial because I find
that Moynihan's claims fail because § 1666i does not provide an independent cause of action and he
has not properly alleged a "billing error" as required under 15 U.S.C. § 1666.

*Beaumont v. Citibank (South Dakota) N.A.*, 01 Civ. 3393 (DLC), 2002 WL 483431
(S.D.N.Y. March 28, 2002), is directly on point.  There, the court explained that § 1666i creates a
structure under which the burden of bringing a lawsuit to collect a debt, after the cardholder has
attempted and failed to obtain satisfactory resolution of a dispute, is placed on the card issuer, rather
than the cardholder.  *Id.* at *6.  Section 1666i, however, "does not create an independent cause of
action for a cardholder."  *Id.*  Rather, § 1666i only allows a cardholder to assert claims and defenses
against a card issuer in three instances: (1) as a justification for withholding payment; (2) in any lawsuit
filed by the card issuer to collect on the account; or (3), if appropriate, in connection with a lawsuit
brought by the cardholder for a violation of TILA.  *Id.* at *5-6.[1]  A cardholder may not assert

---

[1]This reading of § 1666i is fully supported by the regulation which implements it.  That
regulation provides:

affirmative claims and defenses authorized under § 1666i unless he or she can also assert a claim for a

violation of TILA. *Id.* at *6. Absent such a violation, § 1666i only allows a cardholder to "assert" a

claim or defense to payment on the underlying transaction with the merchant against the card issuer "by

withholding payment on the credit card account up to the amount of credit outstanding for the property

or services that gave rise to the dispute, plus any finance or other charge imposed on that amount." *Id.*;

20 Am. Jur. 2d, *Credit Cards & Charge Accounts* § 62 (2001); *see also McGarvey v. Citibank

(South Dakota) N.A.*, 95 Civ. 123, 1995 WL 404866, at *5 (N.D. Ill. 1995).

    In short, § 1666i provides cardholders who meet the criteria of 1666i(a) and who possess a

valid non-tort claim or defense against a merchant the right to chargeback certain outstanding amounts

by withholding payment. *Beaumont*, 2002 WL 483431, at *6; *see also In re Standard Financial

Mgmt. Corp.*, 94 B.R. 231, 237-38 (D. Mass. 1988). If the card issuer disputes the cardholder's

claim or defense against the merchant or the cardholder's satisfaction of the 1666i(a) criteria, it must

bring suit to recover the disputed amounts from the cardholder. *Beaumont*, 2002 WL 483431, at *6;

*see also* 20 Am. Jur. 2d, *Credit Cards & Charge Accounts* § 62 (2001) ("[T]he agreement between

the cardholder and the issuing bank sets off a train of events, so that if the cardholder has a right to

charge back against the issuing bank, then that bank has a right against the merchant's bank, who has a

---

> *When a person who honors a credit card fails to resolve satisfactorily a dispute* as
> to property or services purchased with the credit card in a consumer credit transaction,
> the cardholder may assert against the card issuer all other claims (other than tort claims)
> and defenses arising out of the transaction and relating to the failure to resolve the
> dispute. *The cardholder may withhold payment* up to the amount of credit
> outstanding for the property or services that gave rise to the dispute and any finance or
> other charges imposed on that amount.

15 C.F.R. § 226.12(c)(1) (emphasis added).

right against the merchant.").[2]

Moynihan did not withhold payment. Rather, he filed this suit seeking affirmative relief against Providian. Thus, the only remaining issue is whether Moynihan has properly alleged a violation of TILA. Moynihan alleges that pursuant to § 1666, "the charges placed on the plaintiff's account by Cyberrebate.com are 'billing errors' because the expected service, i.e., transmission of the rebate, was never received as promised." (Am. Compl. ¶ 7.) However, this allegation, if proved, would not establish a "billing error" under TILA. TILA defines billing errors as:

> (1) A reflection *on a statement* of an extension of credit which was not made to the obligor or, if made, was not in the amount reflected on such statement.
> (2) A reflection *on a statement* of an extension of credit for which the obligor requests additional clarification including documentary evidence thereof.
> (3) A reflection *on a statement* of goods or services not accepted by the obligor or his designee or not delivered to the obligor or his designee in accordance with the agreement made at the time of the transaction.
> (4) A creditor's failure to reflect properly *on a statement* a payment made by the obligor or a credit issued to the obligor.
> (5) A computation error or similar error of an accounting nature of the creditor *on a statement.*
> (6) Failure to *transmit the statement* required under section 1637(b) of this title to the last address of the obligor which has been disclosed to the creditor, unless that address was furnished less than twenty days before the end of the billing cycle for which the

---

[2]If "the cardholder withholds payment of the amount of credit outstanding for the disputed transaction, the card issuer shall not report that amount as delinquent until the dispute is settled or judgment is rendered." 12 C.F.R. § 226.12(c)(2). Thus, the cardholder is not penalized for withholding payment.

The process set forth in § 1666i makes sense in light of the purpose of TILA, which is:

> to assure a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him and avoid the uninformed use of credit, *and to protect the consumer against inaccurate and unfair credit billing and credit card practices.*

15 U.S.C. § 1601(a) (emphasis added).

statement is required.

(7) Any other error described in regulations of the Board.

15 U.S.C. § 1666(b) (emphasis added); *see also Beaumont*, 2002 WL 483431, at *3-4.

Moynihan has alleged no facts or presented any evidence showing a "billing error."  He merely

attempts to hold Providian vicariously liable for CyberRebate's failure to provide him with a rebate.

His claim therefore fails as a matter of law.

A separate order is being entered herewith.

Date:  ___July 14, 2003___                    _____/s/_____

                                              J. Frederick Motz
                                              United States District Judge

-6-